# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARROD MOTEN,<br><br>            Plaintiff,<br><br>    v.<br><br>EASTERN DISTRICT COURTHOUSE OF CALIFORNIA,<br><br>            Defendant. | No. 1:24-cv-01387-SAB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE OTHER THAN JUDGE THURSTON TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS**<br><br>(ECF Nos. 3, 6, 7) |

On November 13, 2024, Plaintiff, a prisoner proceeding pro se, filed the instant action pursuant to 42 U.S.C. § 1983 against Defendants Eastern District Courthouse of California, Judge Kimberly J. Mueller, Judge Gary S. Austin, Judge Christopher D. Baker, Judge Sheri Pym, Judge Barbara A. McAuliffe, Judge Jennifer L. Thurston, and Judge David O. Carter. (ECF No. 1.) On November 14, 2025, the Court ordered that Plaintiff either pay the filing fee in this action or file an application to proceed in forma pauperis. (ECF No. 2.) On December 9, 2024, Plaintiff filed an application to proceed in forma pauperis that was missing the second page. (ECF No. 3.) On December, 10, 2024, the Court ordered that Plaintiff file a complete application. (ECF No. 4.)

1

Because Plaintiff failed to timely file a completed application, the Court ordered on January 31, 2025 that Plaintiff show cause why the action should not be dismissed for failure to prosecute and failure to comply with a court order. (ECF No. 6.) On February 4, 2025, Plaintiff submitted a complete application to proceed in forma pauperis. (ECF No. 7.) Because the Court is in receipt of an application to proceed in forma pauperis, the Court finds good cause to discharge the order to show cause.

For the reasons explained below, the Court recommends that Plaintiff's application to proceed in forma pauperis be denied because he has had at least three actions or appeals dismissed as strikes and the allegations do not demonstrate that Plaintiff meets the imminent danger exception.

**I.**

**DISCUSSION**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury. The Court takes judicial notice[1] of the following United States District Court cases: (1) Moten v. Calderon, No. 2:23-cv-

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 634 n.1 (N.D. Cal.

02595 DOC SP (C.D. Cal. May 31, 2023) (denial of request to proceed in forma pauperis due to failure to state a claim, appeal denied on January 10, 2024); (2) Moten v. Abrams, No. 2:23-cv-06359 GW (C.D. Cal. Sept. 6, 2023) (denial of request to proceed in forma pauperis due to failure to state a claim, appeal denied on January 17, 2024); Moten v. Phiefer, No. 2:23-cv-06355 DOC SP (C.D. Cal. Sept. 29, 2023) (denial of request to proceed in forma pauperis due to failure to state a claim).[2]

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on November 13, 2024.[3] Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

Here, the Court finds that Plaintiff's allegations fail to demonstrate imminent danger of serious physical injury at the time of filing. In the instant complaint, Plaintiff alleges that over the past two years he has filed multiple complaints in the United States District Court for the Central District of California and both the Sacramento and Fresno Divisions of United States District Court for the Eastern District of California. (ECF No. 1.) Plaintiff alleges he is not being treated equally by various judicial officers, judicial law clerks, correctional officers, and institutions. (Id. at 2-3.) Plaintiff's allegations do not demonstrate an imminent risk of serious physical injury at the time of filing. Therefore, Plaintiff must be required to pay the filing fee in full or have the

---

1978).

[2] See also Moten v. Cisneros,, No. 1:24-cv-00022-JLT-GSA (E.D. Cal. April 23, 2024) (adopting findings and recommendations that Plaintiff's application to proceed in forma pauperis be denied for suffering three or more strikes and ordering that the Clerk of Court identify Plaintiff as a three strikes litigant within the meaning of 28 U.S.C. § 1915(g)); Moten v. Pfeiffer, No. 1:24-cv-00043-JLT-GSA (E.D. Cal. April 23, 2024) (same).

[3] The "mailbox rule" announced by the Supreme Court in Houston v. Lack, 487 U.S. 266 (1988), applies to section 1983 cases. See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009). Pursuant to the mailbox rule, pro se prisoner legal filings are deemed filed on the date the prisoner delivers the document to prison officials for forwarding to the court clerk. Id. The proof of service attached to the Complaint is dated November 12, 2024, which the Court adopts as this action's constructive filing date.

action dismissed.  <u>Andrews</u>, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

## II.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge other than Judge Jennifer L. Thurston to this action.

The Court's January 31, 2025 order to show cause (ECF No. 6) is DISCHARGED.

Further, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed to proceed in forma pauperis and instead be directed to pay the $405.00 filing fee in full if he wishes to proceed with this action.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 10, 2025**

STANLEY A. BOONE  
United States Magistrate Judge

4